# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES KING (#A-60138), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11 C 3778 |
| v. ) | |
| ) | Judge James F. Holderman |
| WEXFORD HEALTH SOURCES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles King, an inmate presently incarcerated at Stateville Illinois Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendants, Wexford Health Sources, Inc. and Dr. Pharthasarathi Ghosh, violated his constitutional rights by being deliberately indifferent to a serious medical condition with respect to his hepatitis C and replacement of his artificial hip. (See Plaintiff's complaint).

On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff stated a claim for deliberate indifference to a serious medical need against Defendants Wexford and Ghosh. Presently before the Court is both Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim [#14]. In their motion, Defendants argue that Plaintiff's complaint is deficient because he does not satisfactorily plead deliberate indifference to a serious medical condition sufficient to place them on notice of the claims against them, that Plaintiff merely disagreed with the treatment provided by Defendant Ghosh, that Plaintiff has not sufficiently alleged a custom and policy sufficient to state an official capacity claim against Wexford, and that Plaintiff has failed to state an official capacity claim against Defendant Ghosh. For the reasons stated in this order, Defendants' motion to dismiss is granted in part and denied in part.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Id.* at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## FACTS

Plaintiff pleads that he was diagnosed in 1997 with hepatitis C. Plaintiff additionally pleads that he did not receive a liver biopsy until 2007, and that Wexford Health Sources and Defendant Ghosh decided not to continue his treatment for hepatitis. When Plaintiff saw Defendant Ghosh in 2010, he alleges that Defendant Ghosh said: "it too late, its too late. There is nothing left to do." *See* Plaintiff's complaint, p. 4. Plaintiff alleges that Defendants failed to properly follow up on his treatment and conduct necessary blood tests, leading to improper treatment for his hepatitis and causing his liver to deteriorate to the point where he now suffers from cirrhosis. Plaintiff alleges that the failure to provide proper treatment was directly related to cost cutting measures implemented by Defendants.

Plaintiff also alleges that he has an artificial hip that requires replacement every ten to fifteen years. He alleges that he has been told that the procedure to replace his hip will not be provided because he is a high risk patient due to his hepatitis. He has attached grievances to his complaint, and in the grievance dated April 14, 2010, he complains that due to the failure to replace his artificial hip, he is suffering from excessive pain and a burning sensation. *See* Plaintiff's complaint, p. 15.

## ANALYSIS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996). An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 842. Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of, and consciously disregard, the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

Hepatitis C is an objectively serious medical condition, as it requires diagnosis and treatment by a physician. *Outlaw v. Ridley-Turner*, 54 Fed. Appx. 229, 231 (7th Cir. 2002) (citing *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 811 (7th Cir. 2000)). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Plaintiff's claim regarding the failure to provide treatment for his hip ailment is therefore also a serious medical condition.

With respect to Defendant Wexford, the Seventh Circuit has held that a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). The policy must be the direct cause or moving force behind the constitutional deprivation. *Id.*

Defendant Wexford contends in the motion to dismiss that Plaintiff has failed to adequately plead a custom and policy sufficient to state a cause of action. However, Plaintiff alleges that Defendant Wexford has implemented a policy of cost cutting measures that resulted in his not receiving proper care for his hepatitis. As a result of not receiving proper care for his hepatitis, his condition advanced to the point where he is considered high risk and was consequently denied a hip replacement. Because he is not receiving a hip replacement, he is living with pain and a burning sensation.

Plaintiff's complaint more than adequately states a policy that was the direct cause or moving force behind what he alleges is constitutionally inadequate medical care. Defendants in their motion to dismiss argue that Plaintiff is required to plead a specific policy or practice, and that is what Plaintiff has done. Plaintiff's complaint satisfactorily pleads a claim for deliberate indifference against Defendant Wexford. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Consequently, Defendants' motion to dismiss Wexford Health Sources, Inc. is denied. Plaintiff has stated an official capacity claim against Defendant Wexford, and it must respond to the complaint.

Defendant Ghosh correctly argues that he cannot be held liable in his official capacity as there is no *respondeat superior* liability in § 1983 actions. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)). With respect to Defendant Ghosh in his individual capacity, however, Plaintiff alleges that Defendant Ghosh's failure to treat Plaintiff's hepatitis led to Plaintiff developing cirrhosis of the liver, which in turn resulted in Plaintiff being denied surgery for hip replacement. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or

erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Roe*, 631 F.3d at 857; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Plaintiff has adequately pled personal involvement, as required for liability under 28 U.S.C. § 1983. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Consequently, Plaintiff has adequately pled an individual capacity claim against Defendant Ghosh, and he must respond to Plaintiff's complaint.

In light of the nature of the allegations made by Plaintiff in his complaint, the court reconsiders its order of June 17, 2011, denying Plaintiff's motion for appointment of counsel and appoints David M. Airan of Leydig, Voit & Mayer, Ltd., Two Prudential Plaza, 180 N. Stetson Ave., 4900 Chicago, IL 60601-6780 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.11(g) (N.D. Ill.).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#14] is granted in part and denied in part. Plaintiff may proceed on an official capacity claim against Wexford Health Sources, Inc, and an individual capacity claim against Dr. Pharthasarathi Ghosh. To the extent Plaintiff's complaint makes claims against Defendant Ghosh in his official capacity, those claims are dismissed. Defendants shall file their answer to Plaintiff's complaint, or otherwise plead, within thirty days of the date of this order. The court reconsiders its June 17, 2011, order denying appointment of counsel, and appoints David M. Airan of Leydig, Voit & Mayer, Ltd. to represent Plaintiff.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: December 1, 2011